Brewer, J.
This case was tried in the district court of Nemaha county upon an agreed statement of facts. Those facts, so far as they are material, are substantially as follows: From March, 1872, to January, 1873, O’Donnell was a wholesale liquor dealer, and was not a grocer, dram-shop keeper, or tavern keeper, in the city of Atchison, a city of the second class. During that time he had no state, county, or city license, and there was no ordinance of said city requiring a license or tax of any kind from a wholesale dealer, an ordinance to that effect in force prior thereto having, in March, 1872, been repealed. During that time he sold in Atchison liquor to Alexander, to recover for which this action is brought. Can he recover ? It was decided by this court, in Dolson v. Hope, 7 Kan. *161, that “the sale of intoxicating liquors wdthout a license is prohibited by statute, whether the quantity be great or small.” To that decision we adhere. The dram-shop act remains as it was. Its penalties and prohibitions are unchanged. But this difference exists between that case and this: In 1872, and subsequent to that decision, the legislature, in enacting a charter for cities of the second class, included this provision: "The city council shall have exclusive authority to ■ levy and collect a license tax on saloons, liquor sellers,” etc. Chapter 100, Laws 1872, p. 206, § 47. Now, when that body which has exclusive authority refuses to levy and collect any license tax, and repeals a prior ordinance requiring such tax, is the sale one made in contravention of law? The question back of this, and the one upon which really the case hinges, is whether the dram-shop act is operative within the territorial limits of cities of the second class; for if it be, then section 3 prohibits the sale by any person without a license. The charter *does not, in terms, limit the operation of the dram-shop act. Exclusive authority over the liquor question is not granted, but only exclusive authority to levy • and collect licenses. The general law, in terms reaching to cities, prohibits a sale without license. The city, with exclusive authority to grant licenses, refuses to grant any. What follows, — the unre■.stricted right to sell? or .an' absolute prohibition? Manifestly the latter. The city has no authority to disturb the prohibition; it may withhold the license.
Again, the agreed statement shows only that no license was authorized to wholesale liquor dealers as such. It does not appear whether licenses were required of grocers, dram-shop keepers, or tav.ern *467 beepers. Neither does the dram-shop act provide for a license to a wholesale liquor dealer as such. It contemplates but three kinds of licenses, that is, dram-shop license, tavern license, and grocery license. Gen. St. 399, c. 35, § 1. But it makes the sale of liquors by any one without one of these three kinds of licenses a penal offense. Gen. St. 400, § 3. So that for aught that appears in the record, the ordinances of the city of Atchison may be, upon this question, in exact harmony with the provisions of the dram-shop act.
Still, again: Seetion 1 of the dram-shop act provides for a township license, to be obtained from the county commissioners, and a city license, to be obtained from the city council. Seetion 2 provides that the license tax shall be not less than $100, nor more than $500, per annum, the amount to be determined by the tribunal granting the license, and to be paid into the treasury of the county or city granting the license. Cities of the first and second class were, in terms, under the laws of 1868, authorized to levy and collect license taxes on liquor sellers. Gen. St. p. 132, § 15, cl. 4; Id. 161, § 30, cl. 4. There was nothing in the statutes authorizing the county commissioners, or any tribunal other than the council, to grant a license to a liquor seller within the limits of the city. Hence it would seem that prior to 1872 the city council of Atchison had the exclusive *authority to levy and collect license taxes on liquor sellers within the limits of the city, and that, so far as this question is concerned, no change was made by the legislation of that year.
This case was tried upon an agreed statement of facts. It becomes our duty, therefore, not only to reverse the judgment, hut to remand the case, with instructions to enter judgment for costs in favor of the plaintiff in error, defendant below.
(All the justices concurring.)